UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA ALESSIO, | ) | CASE NO. 5:17-cv-1426 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| UNITED AIRLINES, INC., et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On July 7, 2017, *pro se* plaintiff Christina Alessio ("Alessio") filed this action against defendant United Airlines, Inc. ("United") and several individual defendants: Oscar Munoz, Scott Kirby, Brett Hart, Robert Milton, Sam Risoli, Mary Sturchio, Janie DeVito, and Kim Piszczek ("individual defendants") (United and individual defendants collectively referred to as "defendants"). Now before the Court is defendants' motion to dismiss, or, in the alternative, for a more definite statement.[1] (Doc. No. 8 ["Mot."].) Alessio opposes the motion (Doc. No. 10 ["Opp'n"]), and defendants have filed a reply. (Doc. No. 12 ["Reply"].) For the following reasons, defendants' motion to dismiss is granted, but Alessio is granted leave to amend her complaint to state a cause of action against United for a failure to accommodate a disability.

---

[1] On November 15, 2017, the Court entered an order striking certain extraneous materials filed by Alessio. (*See* Doc. No. 25.) Also on November 15, 2017, United filed a motion to strike additional extraneous materials filed by Alessio. (Doc. No. 24 [requesting that Doc. Nos. 20, 21, and 23 be stricken].) The Court finds that the filings referenced by United in its motion to strike do not represent proper responses to defendants' dispositive motion. Accordingly, and to the extent that Alessio's extraneous filings have not been already stricken from the docket by the Court's November 15, 2017 order, the Court grants United's motion to strike.

I. **BACKGROUND**

Alesssio is a flight attendant employed by United. (Doc. No. 1 (Complaint ["Compl."]) at 2[2].) Though largely incoherent, Alessio's complaint appears to revolve around her belief that United is unlawfully using hazardous air fresheners and/or cleaning products in its aircraft. According to Alessio, these air fresheners and/or cleaning products constitute "poison" under federal law, and the use of these products "is simply wrong and harmful." (*Id*. at 2-3.) Alessio indicates that she is raising a matter of public health, and underscores her duty as a flight attendant to ensure a safe and comfortable environment for passengers. She references two charges she alleges she filed with the Equal Employment Opportunity Commission ("EEOC"),[3] and appends to her complaint, among other documents, certain filings associated with those charges. (*Id*. at 5, 6; Doc. No. 1-5 ["EEOC Docs."].) She also alludes to workplace injuries that she or others may have suffered, presumably by United's use of the cleaning products and air fresheners. (Compl. at 3.) Finally, she cites generally to 49 U.S.C. § 5124 and various portions of United's flight attendant's policy and procedures manual.

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

[3] It appears from the filings that the charges were more likely filed with the Ohio Civil Rights Commission ("OCRC"). (*See* EEOC Docs. at 13, 20.) The agency designation is of no consequence to the Court's analysis, and, for the sake of clarity, these documents will continue to be referred to as "EEOC Docs."

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Bel Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556 n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679 (citation omitted). "The Court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Further, although pleadings and documents filed by *pro se* litigants are "liberally construed" and held to a less stringent standard than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), *pro se*

plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted); *see Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) (District courts are not required to conjure up questions never squarely presented to them or to construct full claims from sentence fragments. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff. . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.") (citation omitted); *see also Twombly*, 550 U.S. at 555 (The complaint must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."); *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 437 (6th Cir. 1988) (all complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted).

In ruling on a Rule 12(b)(6) motion, a court "may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [a] motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l College Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll*., 259 F.3d 493, 502 (6th Cir. 2001)). The EEOC Docs., appended to the complaint, meet this standard and can be considered.

III. **DISCUSSION**

Alessio's complaint is difficult to follow. As best as the Court can surmise, and based upon the labels and conclusions contained in the pleading, Alessio appears to be raising the

4

following claims: (1) a violation of 49 U.S.C. § 5124, (2) age discrimination, (3) retaliation, and (4) a failure to accommodate her alleged disability. After liberally construing Alessio's complaint, the Court finds that Alessio has failed to state a claim upon which the Court may grant relief. Nonetheless, as explained below, the Court shall permit Alessio leave to amend her complaint to set forth factual allegations that support a claim for a failure to accommodate a disability against United.

### A. No Private Cause of Action Under Title 49

Alessio makes repeated reference to 49 U.S.C. § 5124, and, indeed, it is the only statute she cites in her pleading. Section 5124 provides criminal penalties, including fines and imprisonment, for violations of certain provisions applicable to the transportation of hazardous materials. The statute does not expressly provide for a private cause of action, and the Court is unaware of any federal court that has recognized one. It is well settled that "the fact that a federal statute has been violated and some person has been harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568, 99 S. Ct. 2479, 61 L. Ed. 2d 82 (1979) (quotation marks and citation omitted). Rather, "[p]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sadoval*, 532 U.S. 275, 286, 121 S. Ct. 1511, 149 L. Ed. 2d 517 (2001) (citation omitted). Courts, therefore, are tasked with determining whether Congress intended to create a private cause of action, and may perform this duty by considering "the text and structure of the statute at issue, the legislative history, and any relevant case law." *Courtney v. Ivanov*, 41 F. Supp. 3d 453, 458 (W.D. Pa. 2014) (citing *McGovern v. City of Phila.*, 554 F.3d 114, 119 (3d Cir. 2009) (further citation omitted)). "Statutory intent [as to the existence of a private cause of action] is

determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Alexander*, 532 U.S. at 287 (citations, including internal citations, omitted).

There is nothing in the text of the statute, its legislative history, or any case law relevant to 49 U.S.C. § 5124 that would suggest that Congress intended to create a private cause of action for civil violations of this statute governing criminal penalties.[4] In the absence of *any* evidence of congressional intent to create a private cause of action, the Court is without authority to recognize one. Accordingly, Alessio has failed to state a cause of action under 49 U.S.C. § 5124, and this claim is dismissed with prejudice.

### B. Individual Liability

Before turning to the remaining claims, the Court must address the arguments raised by the individual defendants. Specifically, they argue that Alessio has failed to allege any factual allegations against them, and that, even if she had, her claims would fail as against them because there is no individual liability.

Alessio has identified eight different individuals, purportedly employed by United in a variety of managerial positions—from chief executive officer to inflight supervisor—as defendants in this action. Still, the complaint does not contain any specific allegations of any wrongdoing against any of them.[5] For this reason alone, the individual defendants are entitled to dismissal from this action. Moreover, to the extent that she has attempted to bring claims against

---

[4] 49 U.S.C. § 5123 provides for civil penalties, but those penalties are to be assessed by the government. *See* § 5123(d) ("The Attorney General may bring a civil action in an appropriate district court of the United States to collect a civil penalty under this section . . . .") There is nothing in § 5123 that would indicate that Congress intended to create a cause of action for private citizens.

[5] The EEOC Docs. reference certain supervisors and managers, but, as discussed *supra*, no individual liability against these individuals is available.

the individual defendants for age discrimination, retaliation, and/or ADA[6] failure to accommodate a disability, Alessio's claims would fail as a matter of law as there is no individual liability under Title VII,[7] the ADA, or the ADEA.[8] *See Mayes v. City of Oak Park*, 285 F. App'x 261, 262 (6th Cir. 2008) (affirming dismissal of individual defendants as to the plaintiff's ADA and Title VII claims on the ground that the ADA and Title VII do not provide for individual liability); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (Title VII does not provide for individual liability because the definition of "employer" does not include individual supervisors and observing that the supervisor liability sections of the ADEA and Title VII may be interpreted interchangeably). The individual defendants are entitled to dismissal from this action.

### C. Age Discrimination

The complaint's discussion of possible claims involving age discrimination, retaliation, and a failure to accommodate a disability are confined to a single statement that alleges that United's use of cleaning products and air fresheners "has resulted in unnecessary injury to a disability with no accommodation, age discrimination and ongoing continued retaliation and harassment." (Compl. at 2-3.) The use of these labels, alone, is insufficient to state claims under federal law.

To establish a *prima facie* case of age discrimination, Alessio must prove and, therefore, must allege sufficient facts, which if true would establish that: (1) she was at least 40 years of age at the time of the alleged discrimination, (2) she was subjected to an adverse employment

---

[6] ADA is an acronym for the Americans with Disabilities Act.

[7] Title VII of the Civil Rights Act of 1964.

[8] ADEA is an acronym for the Age Discrimination in Employment Act.

action, (3) she was qualified for the position, and (4) she was replaced by a person outside the protected class or was treated less favorably than a similarly-situated, non-protected employee for the same conduct. *See Treadway v. Cal. Prods. Corp.*, 659 F. App'x 201, 207-08 (6th Cir. 2016) (citations omitted); *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 264 (6th Cir. 2010) (same) (citation omitted).

Beyond the conclusory statement that she has been the victim of age discrimination, the complaint is entirely devoid of any factual allegations that support an age discrimination claim. Alessio fails to allege in her complaint that she is over the age of forty, or that she was subjected to an adverse employment action because of her age. She also has failed to set forth factual allegations demonstrating that she was treated less favorably than a similarly-situated, non-protected employee for the same conduct, something, as a current employee, she would have to allege to set forth a *prima facie* case.

The only possible basis for such a claim appears in the EEOC Docs., wherein Alessio claims that her manager made her aware of United's "Early-Out Program" in an email on October 16, 2014. (EEOC Docs. at 19.) Alessio alleges that her manager's suggestion that she was eligible for this early retirement program was evidence of age discrimination.[9] *Id.* ("Why would my Manager want me to know I was eligible for the Company Early-Out Program . . . [other than because she believed] "[i]t was time for me to retire from my career[?]").

---

[9] In these same filings, Alessio notes that she is "close to the age of 55 years." (EEOC Docs. at 19, underlining omitted.)

"The terms 'retire' and 'retirement' alone, without any evidence that they are being used as a proxy for age to express discriminatory basis, are not direct evidence of age discrimination." *Treadway*, 659 F. App'x at 207 (citation omitted). Alessio points to no other facts that, if believed, would establish that this reference to her eligibility for United's early retirement program represented age-based animus, and Alessio's "personal belief to the contrary is not enough to compel a different conclusion." *Id*. (citing *Chappell v. GTE Prods. Corp*., 803 F.2d 261, 268 (6th Cir. 1986)). Moreover, a "company's decision to offer [early retirement] incentive programs does not indicate a policy of age discrimination, since the programs offer older workers benefits not available to younger employees." *Wilson v. Firestone Tire & Rubber Co*., 932 F.2d 510, 514 (6th Cir. 1991) (citation omitted). As a result, the allegation relating to the email from her manager would be insufficient to state a plausible claim for age discrimination.

D. **Retaliation**

To state a *prima facie* case of retaliation, Alessio must set forth facts that, if believed, would establish: (1) she engaged in protected activity, (2) she was subjected to a materially adverse action, and (3) a causal link existed between the protected activity and the materially adverse action. *See EEOC v. Ford Motor Co*., 782 F.3d 753, 767 (6th Cir. 2015).

As was the case with her purported age claim, the only facts offered in support of possible retaliation can be found in the EEOC Docs. According to Alessio, she was "subjected to a punitive work environment" shortly after she authored an email comparing examples of hazardous products used in her work environment when she was issued a verbal warning. (EEOC Docs. at 18.) She claimed that she was also issued a written warning "for inappropriate behavior and actions." (*Id*. at 19.) She represented in these same EEOC Docs. that she disagreed with both

the verbal and written warnings because she was merely fulfilling her obligations contained in United's operations manual in regard to her work environment. (*Id*.)

The complaint fails to identify any protected activity for which she could have been subjected to retaliation. Even assuming the filing of administrative charges on July 20, 2015 and April 18, 2017 (*see* EEOC Docs. at 13, 20) constituted protected activity,[10] the warnings she claims to have received on February 11, 2015 and March 31, 2015 could not have been in retaliation for the subsequently filed administrative charges. Further, even if they were, they would not constitute adverse employment actions. *See, e.g., Eisenbaum v. Senior Lifestyle Corp.*, 1:10-CV-701, 2013 WL 3776543, at *6 n.2 (S.D. Ohio July 17, 2013) (finding that to the extent the plaintiff claimed that the issuance of a performance improvement plan and three other warnings constituted retaliation, such claims failed because they did not qualify as adverse employment actions); *see also McGraw v. Ohio Bell Tel. Co.*, No. 1:12 CV 1620, 2013 WL 3864585, at *12 (N.D. Ohio July 24, 2013) ("As a matter of law, written and verbal warnings do not constitute 'adverse employment action' for purposes of establishing a prima facie case of discrimination or retaliation.") (collecting Sixth Circuit authority). Because Alessio cannot establish the first two necessary elements, she has failed to state a claim for retaliation.

### E. Failure to Accommodate an ADA Disability

With respect to the final claim—a failure to accommodate a disability recognized under the ADA—the complaint does not elaborate on the nature of any disability or even confirm that the alleged failure to accommodate was associated with her disability. The ADA prohibits

---

[10] In the EEOC Docs., Alessio also points to five unsuccessful work injury claims she filed between May 19, 2010 and September 19, 2014. (EEOC Docs. at 17.) Alessio does not attempt to connect these claims to the warnings she received in 2015.

discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA defines "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual[.]" 42 U.S.C. § 12102(1)(A).

In order to set forth a *prima face* case for a failure to accommodate under the ADA, a plaintiff must allege sufficient facts, which if true, establish that: (1) she is disabled within the meaning of the ADA; (2) she is otherwise qualified for her position, with or without reasonable accommodation; (3) her employer knew or had reason to know about her disability; (4) she requested an accommodation; and (5) her employer failed to provide a reasonable accommodation. *See Aldini v. Kroger Co. of Mich.*, 628 F. App'x 347, 350 (6th Cir. 2015).

The only details relative to Alessio's purported failure to accommodate appear in Alessio's administrative filings. There, Alessio alleges that she developed Rheumatoid Arthritis in February 2003. (EEOC Docs. at 14.) She claims that she is "capable of performing [her] essential job functions" when she is "not being forced to breathe the hazardous air fresheners onboard the aircraft in [her] work environment." (*Id*.) In these same documents, she maintains that her disability has been aggravated by United's use of air freshener disks and that, for a period of time, United refused her doctor's suggested accommodation of removing or "sealing" the air freshener disks from aircraft on which she flies. (*Id*. at 15, 16.) While she admits that

United eventually changed the air freshener products it was using, and gave her permission to throw away any air freshener disk she found in her work environment, these measures came *after* she sustained an aggravation to her existing disability that caused her to miss work. (*Id*. at 16-17.) She complains that she has been denied back pay from March 17, 2014 to November 4, 2014. (*Id*. at 17.)

United argues that, to the extent that Alessio is attempting to re-litigate her work injury claims she is precluded by Ohio law. The Ohio Workers' Compensation statute provides that employers "shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of [her] employment[.]" Ohio Rev. Code § 4123.74. Ohio courts accordingly recognize the general rule that workers' compensation is the exclusive remedy for an employee injured as a result of negligence. *Ritchie v. Dravo Corp.*, 585 F. Supp. 1455, 1456 (S.D. Ohio 1984). Therefore, the Court agrees that Alessio cannot re-litigate her workers' compensation claims in this forum.

Nonetheless, an ADA failure to accommodate claim is a cause of action available to workers under federal law that is separate and apart from any workplace injury claim under state law. United argues that the complaint fails to set forth such a claim under the ADA because Alessio has failed "to allege sufficient facts to establish that she is a qualified individual with a disability." (Mot. at 102, citation omitted.) It is true that "a plaintiff's failure 'to identify, even in general terms, [her] disability and fail[ure] to identify a specific medical condition for which [she] was regarded as disabled' does not meet the threshold pleading requirements" under the ADA. *See Currie v. Cleveland Metro. Sch. Dist.*, No. 1:15 CV 262, 2015 WL 4080159, at *4

(N.D. Ohio July 6, 2015) (quoting *Thomas v. Dana Commercial Vehicle Prods., LLC*, No. 4:13 CV-00041-JHM, 2014 WL 1329948, at *4 (W.D. Ky. Apr. 1, 2014)). Yet United concedes that Alessio indicates in the EEOC Docs. that she suffers from Rheumatoid Arthritis. These same documents also recount—though in a disjointed and incomplete way—communications with United's management regarding her medical condition and possible accommodations, involvement in a company-sponsored accommodation program, and steps ultimately taken by United to address Alessio's medical concerns.

Ultimately, the Court agrees with United that the complaint does not set forth factual allegations that, if believed, would satisfy all of the elements of a *prima facie* case of failure to accommodate under the ADA. Nonetheless, based upon the materials appended to the complaint, the Court believes that Alessio should be afforded an opportunity, if she chooses, to amend her complaint to set forth factual allegations necessary to state a claim for failure to accommodate under the ADA against United.[11] *See Brown v. Matauszak*, 415 F. App'x 608, 616 (6th Cir. 2011) (leave to amend *pro se* complaint should have been given, even without a request for such relief, where post-judgment motion revealed that information existed to cure the complaint

---

[11] It would appear from these same materials that United did take certain actions to accommodate Alessio's claimed disability, although the timing and the nature of those accommodations are not entirely clear. As a general rule, an employee "cannot base a disability discrimination claim upon an employer's delay in providing a requested accommodation where the delay is due to internal processing or to events outside the employer's control." *Gerton v. Verizon S. Inc.*, 145 F. App'x 159, 168 (6th Cir. 2005) (district court did not err in granting summary judgment on ADA accommodation claim where the employer placed the employee in a temporary position while considering her claim) (citations omitted); *Gustavison v. Shinseki*, No. 10-12024-BC, 2011 WL 3566417, at *11 (E.D. Mich. Aug. 15, 2011) ("Delays caused by administrative procedures for processing a request do not demonstrate discrimination."); *see, e.g., Edmunds v. Bd. of Control of E. Mich. Univ.*, No. 9-11648, 2009 WL 5171794, at *6 (E.D. Mich. Dec. 23, 2009) (summary judgment on ADA accommodation claim granted where university provided accommodation and any delay was not result of bad faith); *but see Jurgess v. Lowe's Home Ctrs., Inc.*, No. 05-71241, 2006 WL 2909848, at *5-6 (E.D. Mich. Oct. 10, 2006) (summary judgment denied where genuine issue of material fact as to whether the delay in providing accommodation was reasonable). It also is the case that a disabled employee is not entitled to the accommodation of her choosing. *See Trepka v. Bd. of Educ.*, 28 F. App'x 455, 460 (6th Cir. 2002). The Court cannot determine from Alessio's EEOC Docs., alone, whether the accommodations offered or any delay in providing those accommodations was reasonable or the result of bad faith.

deficiencies). The Court grants this leave in an abundance of caution, recognizing both the unique challenges facing *pro se* litigants and the preference that actions be determined on the merits. By affording leave, the Court makes no determination as to the merits of such a claim, nor does it offer a prediction as to whether the factual allegations in any amended claim will be sufficient to survive a Rule 12(b)(6) motion to dismiss.[12]

IV. **CONCLUSION**

For all of the foregoing reasons, defendants' motion to dismiss is granted. Alessio's claims for a violation of 49 U.S.C. § 5124, age discrimination, and retaliation, as well as any and all claims against the individual defendants, are dismissed with prejudice. Alessio's claim for failure to accommodate a disability under the ADA against United is also dismissed, with leave to amend. Alessio is afforded 30 days from the date of this memorandum opinion and order in which to file an amended complaint raising a claim against United for failure to accommodate a disability under the ADA. Leave to amend is limited to this ADA claim against United, only, as it would be futile to permit leave to amend the other claims against United or any claims against the individual defendants. *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (It is futile to allow a party to amend the complaint if even after amendment, the complaint could not withstand a Rule 12(b)(6) motion to dismiss.) (citation omitted). Should

---

[12] Because the Court has found that Alessio's complaint fails to state a cause of action for a failure to accommodate, but has elected to permit Alessio to amend her complaint, the Court denies defendants' alternative motion for a more definite statement.

Alessio fail to timely file a fully compliant amended complaint within 30 days of this ruling, the Court will enter judgment in United's favor as to the ADA claim as well, and close this case.

**IT IS SO ORDERED**.

Dated: February 15, 2018

                                                   **HONORABLE SARA LIOI**
                                                   **UNITED STATES DISTRICT JUDGE**