# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA ALESSIO, | ) | CASE NO. 5:17-cv-01426 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| UNITED AIRLINES, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On February 15, 2018, the Court granted the motion of defendants to dismiss this action, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief could be granted, but afforded *pro se* plaintiff Christina Alessio ("Alessio") leave to amend her complaint to raise factual allegations that would support a claim against defendant United Airlines, Inc. ("United") for failure to accommodate a disability under the Americans with Disabilities Act ("ADA"). (Doc. No. 26 (Memorandum Opinion and Order ["MOO"]) at 232-33.[1]) On March 9, 2018, Alessio timely filed her amended complaint. (Doc. No. 27 (First Amended Complaint ["FAC"]).)

Now before the Court is United's motion to dismiss the FAC for failure to state a claim. (Doc. No. 28 ["Mot."].) Alessio did not file an opposition, and the time for filing a response brief has passed. Because the Court finds that the FAC does not allege fact that, if believed, would support a claim that United failed to accommodate Alessio's disability under the ADA, the

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

motion to dismiss is GRANTED.

**I.　STANDARD OF REVIEW**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Bel Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556 n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679 (citation omitted). "The Court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Further, although pleadings and documents filed by *pro se* litigants are "liberally construed" and held to a less stringent standard than formal pleadings drafted by lawyers,

*Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted); *see Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) (District courts are not required to conjure up questions never squarely presented to them or to construct full claims from sentence fragments. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff. . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.") (citation omitted); *see also Twombly*, 550 U.S. at 555 (The complaint must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."); *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 437 (6th Cir. 1988) (all complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted).

## II. BACKGROUND AND DISCUSSION

The Court assumes familiarity with its February 15, 2018 Memorandum Opinion and Order and will only review the factual and procedural background of the case briefly to give context to the pending motion. Alessio is a flight attendant employed by United. (MOO at 220.) While her pleadings in this case have been consistently incoherent, the clear impetus for the present action is Alessio's belief that United is using hazardous air fresheners and/or cleaning products in the cabins of its aircrafts in violation of federal law. (*Id*.)

Affording a liberal construction to her pleading, the Court interpreted her initial

complaint as attempting to raise claims for violations of 49 U.S.C. § 5124, the Age Discrimination in Employment Act ("ADEA"), and the ADA. Finding that the allegations in the complaint, even if believed, did not state a claim under any of these federal statutes, the Court dismissed the claims. However, the Court noted that documents appended to the complaint from certain agency proceedings indicated that Alessio may have sought accommodation from United for a possible disability. In an abundance of caution, and after carefully reviewing the elements of an ADA failure to accommodate claim, the Court granted Alessio leave to attempt to plead such a claim. (*Id*. at 228-33.)

As the Court explained in its February 15, 2018 decision, in order to set forth a *prima face* case for a failure to accommodate under the ADA, a plaintiff must allege sufficient facts, which if true, establish that: (1) she is disabled within the meaning of the ADA; (2) she is otherwise qualified for her position, with or without reasonable accommodation; (3) her employer knew or had reason to know about her disability; (4) she requested an accommodation; and (5) her employer failed to provide a reasonable accommodation. *See Aldini v. Kroger Co. of Mich.*, 628 F. App'x 347, 350 (6th Cir. 2015).

Alessio fails to offer factual allegations that, if believed, would support *any* of the elements of an ADA failure to accommodate claim. Like its predecessor, the FAC consists largely of her opinions that United is using dangerous air fresheners in its aircrafts, and that, as a result, the "Global Air Traveling Public" is being denied a safe environment. (*See, e.g.,* FAC at 235.) She alleges that air travelers, generally, are being exposed to harmful chemicals that could

result in some unidentified disability.² (*Id*. at 237.) She suggests that this fact "should raise concern for the need of an accommodation with respect to the Whole Global Air Traveling Public being subjected to Chemical Substance Aircraft Cabin Air." (*Id*. at 238.)

While Alessio has expressed concern for the safety and comfort of the air traveling public at large, she has failed to allege any facts that, if believed, would support *her* ADA claim. First, she has failed to set forth factual allegations supporting a finding that she is an individual with a disability, which is a prerequisite to demonstrating that she is qualified for protection under the ADA. The FAC identified no "physical or mental impairment" and no factual allegations to support a conclusion that any such impairment "substantially limits one or more major life activities[.]" 42 U.S.C. § 12102(1)(A). This failure, alone, is fatal to her claim. *See, e.g., Currie v. Cleveland Metro. Sch. Dist.*, No. 1:15 CV 262, 2015 WL 4080159, at *4 (N.D. Ohio July 6, 2015) (dismissing *pro se* complaint, noting "[a] complaint alleging an ADA violation is properly dismissed for failure to identify a disability"). Alessio has also failed to allege that she requested a reasonable accommodation. Nowhere in the FAC does she identify any accommodation that she requested of United, explain how such an accommodation would afford her the ability to perform the essential functions of her position, or assert that any such reasonable accommodation was denied her by United.

As her amended pleading lacks the factual basis to satisfy any of the elements of a failure to accommodate claim under the ADA, it is subject to dismissal with prejudice. *See, e.g., Lee v. Sony BMG Music Entm't, Inc.*, 557 F. Supp. 2d 418, 426 (S.D.N.Y. 2008) (dismissing plaintiff's

---

² Alessio also alleges that "the 'disability' develops, because of the '<u>inability</u>' to follow safety protocol communicated in the Chemical Substance air fresheners and Chemical Substance cleaning products, Material Safety Data Sheets. With respect and for the record, the Chemical Substance ingredients to the Aircraft Cabin 'air fresheners' state: <u>Not applicable</u>.?" (*Id*. at 238, alterations and punctuation in original.)

disability discrimination claim under Rule 12(b)(6) where plaintiff failed to plead that she could not perform a major life activity and did not identify her alleged disability); *Coleman v. Ford Motor Co.*, No. 3:04CV7590, 2005 WL 1459549, at *2 (N.D. Ohio June 17, 2005) ("Any claim of disability discrimination that plaintiff's complaint might be read as asserting is barred due to plaintiff's failure to specify the allegedly disabling impairment. . . . Plaintiff's complaint fails to specify the particular impairment; indeed, he fails to identify any impairment.").

Moreover, to the extent that the FAC can be interpreted as improperly seeking to "appeal" this Court's February 15, 2018 ruling, such a request is premature and addressed to the wrong court. (*See* FAC at 235.) Alternatively, if Alessio's request to "appeal" represents a request for reconsideration, the request is denied, as she has failed to identify any reason why she is entitled to reconsideration of the Court's February 15, 2018 decision.

### III. CONCLUSION

For all the foregoing reasons, United's motion to dismiss the FAC (Doc. No. 28) is GRANTED. This case is closed.

**IT IS SO ORDERED**.

Dated: November 20, 2018

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**